UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN MANUELE,                           )
                                         )
          Plaintiff,                     )
                                         )
     vs.                                 )          Case No. 4:10 CV 1655 RWS
                                         )
CITY OF JENNINGS, et al.,                )
                                         )
          Defendants.                    )

## MEMORANDUM AND ORDER

Brian Manuele was terminated from the City of Jennings Police Department on April 20,

2009.  Manuele claims that the Defendants wrongfully discharged him and violated his

constitutional rights to freedom of speech and association in retaliation for his union activities.

This matter is before me upon Defendants' motion for summary judgment on Manuele's wrongful

termination claims.  For the reasons stated below, Defendants' motion will be granted.

**I.     Background**

Plaintiff Brian Manuele was hired as a probationary police officer and an at-will employee

for the City of Jennings on April 28, 2008.  Manuele's compensation and employment benefits

were paid by the City of Jennings.  The City of Jennings also paid all applicable federal and state

employment taxes required to be paid by Manuele's employer.  Manuele became a member of the

Fraternal Order of Police, Lodge 15 ("FOP") after joining the Jennings Police Department.

Manuele also became a member of the Union Negotiating Committee.

On January 7, 2009, Officer Dominic Pendino, a fellow Jennings police officer, filed a

harassment complaint against Manuele.  Manuele alleges he was required to file a response to the

complaint and that he was ultimately ordered to take a polygraph examination about Pendino's complaint.  Manuele did not take the polygraph examination.  Manuele alleges he did not take the polygraph for various reasons, including that he was required to falsely assert he was taking the examination on his own free will, despite his being ordered to take the examination.

On April 20, 2009, the Jennings City Council voted to terminate Manuele's employment as a Jennings police officer.  Manuele asserts his union activities were a motiving factor in his termination.  Manuele did not appeal his termination.

A Jennings police officer may only be appointed or discharged by the mayor with the consent of a majority of the elected members of the City Council.  At the time of Manuele's termination, the Jennings Code provided that "[a]ny regular officer of the city police department who is demoted, suspended, or discharged may appeal in writing to the police personnel board within thirty (30) days of the effective date of such action, setting forth the reasons for claiming the demotion, suspension or discharge was not for misbehavior or inefficient service."

At the time of Manuele's termination, the Jennings Code also provided that when an officer appealed his or her termination, "the board shall as soon as practical set a date for hearing of said appeal.  The appellant, the chief of police, and the city shall have the right to be heard in person and to be represented by counsel and to present evidence at such hearing which may be open to the public at the appellant's written request.  The board shall cause a transcript to be made of such hearing."  The Jennings Code further provided that "[a]fter the close of the evidence and within a reasonable time thereafter, the board shall make its findings of fact and conclusions of law and render its decision affirming or reversing the order...The appellant and the city council shall have the right to appeal to the Circuit Court of St. Louis County under Chapter 536 of the Revised

-2-

Statutes of the State of Missouri."

In Counts III, IV, and V, Manuele asserts three wrongful termination claims against Jennings Chief of Police Robert J. Orr, Assistant Chief of Police Richard G. Walsh, Jennings Mayor Benjamin Sutphin, and Jennings City Council members Allan D. Stichnote, Dennis Campbell, David Schmerber, Rodney Epps, and Yolonda Fountain-Henderson ("Individual Defendants").  The Individual Defendants are sued in their individual and official capacities.  The Individual Defendants have moved for summary judgment on Manuele's official and individual capacity wrongful termination claims.

## II.    Legal Standard

In considering whether to grant summary judgment, a district court examines the "pleadings, the discovery and disclosure materials on file, and any affidavits."  Fed. R. Civ. P. 56(c)(2).  Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998).  When a genuine issue of material fact exists, summary judgment should not be granted.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case

-3-

on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

## III.   Discussion

In Counts III, IV, and V, Manuele asserts Missouri common law claims for wrongful termination against the Individual Defendants in their individual and official capacity.

### A.       Defendants were not Manuele's Employer in Their Individual Capacity

In Missouri, an employer may discharge an at-will employee for any reason or for no reason without liability for wrongful discharge.  Taylor v. St. Louis Cnty. Bd. of Educ. Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010). The Missouri Supreme Court has adopted the following public-policy exception to the at-will employment doctrine:

> An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities.

Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010).  If an employee is terminated by an employer for either reason, then the employee has a tort cause of action against the employer for wrongful discharge pursuant to the public-policy exception.  Id.  Under Missouri law, a former employee may only maintain a public-policy wrongful discharge cause of action against a former employer.  Taylor, 625 F.3d at 1027.

In Missouri, whether an employer/employee relationship exists is based upon the alleged

-4-

employer's right of control over the employee.  Id. at 1028.  The factors considered in this analysis include the "extent of control, actual exercise of control, duration of employment, right of discharge, method of payment for services, furnishing of equipment, whether the work is part of regular business of the employer, and the control of employment."  Id. (quoting Chandler v. Allen, 109 S.W.3d 756, 763 (Mo. Ct. App. 2003). In Taylor, the United States Court of Appeals for the Eighth Circuit noted that Missouri law does not "consider individuals who merely supervise an employee as employers for the purpose of wrongful discharge claims." Id. at 1029 n.3.

Manuele asserts wrongful termination claims against Mayor Sutphin, City Council members Stichnote, Campbell, Schmerber, Epps and Fountain-Henderson, Chief of Police Orr and Assistant Chief of Police Walsh in their individual capacities. Summary judgment will be granted in favor of these Defendants because none of the Individual Defendants were Manuele's employer in their individual capacity.  Manuele has not produced any evidence to show that Mayor Sutphin, the City Council  members, Chief of Police Orr, or Assistant Chief of Police Walsh, when acting in their individual capacities had the right to, or did in fact, exercise the relevant control over Manuele to establish the employer relationship.

Manuele argues that each of the Individual Defendants was his employer in their individual capacities.  However, the facts Manuele asserts in support of his claims pertain to the Individual Defendants' official duties, and do not support a finding that any of them was his employer in their individual capacity.  Manuele argues Assistant Chief Walsh was his employer because he was responsible for the internal affairs of the Jennings Police Department and could order officers to undergo disciplinary actions.  Manuele argues Chief Orr was his employer because he was in charge of the day-to-day operations of the Jennings Police Department, made promotion decisions,

and made disciplinary recommendations for internal affairs investigations.  Manuele argues that

Mayor Sutphin oversees the Jennings Police Department, recommends applicants to be hired, is

informed by Chief Orr when there are allegations a police officer violated department policies, and

makes a disciplinary recommendations to the City Council.  Manuele argues that Sitchnote,

Campbell, Epps, and Fountain-Henderson, as members of the City Council, vote whether to hire or

terminate Jennings police officers.

A Jennings police officer may only be appointed or discharged by the mayor with the

consent of a majority of the elected members of the City Council.  Jennings City Code §29-4 and

§29-15.  As Manuele acknowledges in his Response, in order for the City Council to recommend

termination of a police officer, a majority of the Council members must vote in favor of

termination.  As a result, none of the individual members of the City Council, nor Mayor Sutphin,

Chief of Police Orr, nor Assistant Chief of Police Walsh had the authority in their individual

capacity to unilaterally terminate Manuele.  Further, Manuele's compensation and employment

benefits were paid by the City of Jennings.  The City of Jennings also paid all applicable federal

and state employment taxes required to be paid by Manuele's employer.

Manuele has failed to produce any evidence that Mayor Sutphin, the individual members of

the City Council Members, Chief Orr or Assistant Chief Walsh were his employer in their

individual capacity. As a result, I will grant summary judgment in favor of Mayor Sutphin, the

members of the City Council, Chief Orr and Assistant Chief Walsh for the wrongful termination

claims asserted against them in their individual capacity in Counts III, IV, and V.[1]

---

[1]Manuele requests that I extend the definition of "employer" applied under Missouri law
to wrongful termination claims to the definition applied by Missouri courts under the Missouri
Human Rights Act.  I decline to do so.  Manuele has not cited any authority for me to find that

## B.      Manuele Failed to Exhaust Administrative Remedies

The Individual Defendants argue summary judgment should be granted in their favor on Manuele's wrongful termination claims asserted against them in their official capacity.

If a litigant has failed to exhaust administrative remedies for a claim subject to the contested case requirements of the Missouri Administrative Procedures Act (MAPA), a court does not have authority to act, other than to dismiss the claim.  Whithaus v. Curators of University of Missouri, ---S.W.3d___, 2011 WL 3567462 *2 (Mo. 2011).  A contested case is "a proceeding before an agency in which legal rights, duties or privileges of specified parties are required by law to be determined after hearing."  MO. REV. STAT. § 536.010(4) (2006).  "Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review."  MO. REV. STAT. § 536.100 (2006).

The hearing must determine "legal rights, duties, or privileges" in order to be a contested case.  Kunzie v. City of Olivette, 184 S.W.3d 570, 573 (Mo. 2006)(citing McCoy v. Caldwell County, 145 S.W.3d 427, 429 (Mo. 2004)).  If the decision rendered is merely advisory, the hearing does not determine legal rights, duties, or privileges and is not a contested case.  Id.  A hearing is "a proceedings at which a measure of procedural formality is followed."  City of Valley Park v. Armstrong, 273 S.W.3d 504, 507 (Mo. 2009) (internal citations omitted).  "Procedural formalities in contested cases generally include: notice of the issues; oral evidence taken upon oath or affirmation and the cross-examination of witnesses; the making of a record; adherence to

_____

Missouri courts intend to apply the MHRA's definition of employer to wrongful termination claims.

evidentiary rules; and written decisions including findings of fact and conclusions of law."  Id.

In this case, the Individual Defendants argue Manuele failed to exhaust his administrative remedies because he failed to appeal his discharge.  Defendants assert that Jennings City Code Section 29-30(a), as in effect when Manuele was terminated, provided Manuele with the right to appeal his discharge to the police personnel board within thirty days.  Manuele argues that only nonprobationary officers have a right of appeal.

At the time of Manuele's termination, Section 29-30(a) provided: "Any regular officer of the city police department who is demoted, suspended, or discharged may appeal in writing to the police personnel board within thirty (30) days of the effective date of such action, setting forth the reasons for claiming the demotion, suspension or discharge was not for misbehavior or inefficient service." Jennings Code §29-30 ( June 2004).[2]

"Regular officer" is not defined in the Code. However, at the time of Manuele's termination, Section 29-7 provided that "[a]ll persons appointed to a position in the police department as a regular police officer shall serve a twelve-month probationary period as an employee at will; and after that probationary period, said person shall be entitled to hold office during good behavior and efficient service."  Therefore, at the time of Manuele's termination, a police officer completing his probationary period was considered a regular police officer under the Jennings Code.[3]

---

[2]Section 29-30(a) was amended on November 22, 2010, after Manuele's termination. Manuel improperly relies on the amended version of Section 29-30(a) which provides that "Any nonprobationary regular officer of the city police department who is demoted, suspended, or discharged may appeal in writing to the police personnel board..."

[3]On April 27, 2009, Section 29-7 was amended to provide that "Each person appointed to a position in the police department as a police officer shall serve a twelve-month probationary

Manuele was in his probationary period when he was terminated on April 20, 2009. However, because a probationary officer was considered a "regular officer" at the time of his termination, Manuele had the right to appeal his termination.  The parties agree that Manuele did not appeal his termination.

At the time of Manuele's termination, the Jennings Code provided that when an officer appealed his or her termination, "the board shall as soon as practical set a date for hearing of said appeal.  The appellant, the chief of police, and the city shall have the right to be heard in person and to be represented by Council and to present evidence at such hearing which may be open to the public at the appellant's written request.  The board shall cause a transcript to be made of such hearing." Jennings Code §29-30(b) (June 2004).  The Jennings Code further provided that "[a]fter the close of the evidence and within a reasonable time thereafter, the board shall make its findings of fact and conclusions of law and render its decision affirming or reversing the order...The appellant and the city council shall have the right to appeal to the Circuit Court of St. Louis County under Chapter 536 of the Revised Statutes of the State of Missouri."  Id. at § 29-30(c).

The hearing process available to Manuele when he was terminated qualifies as a contested case.  Had Manuele appealed his termination, he had the right to appear in person, be represented by Council, and present evidence.  The board would have recorded a transcript of the hearing, made findings of fact and conclusions of law. Further, the board would have either affirmed or reversed the termination decision and issued a written order.  As a result, the hearing process Manuele could have pursued to appeal his termination qualifies as a contested case.  Because

---

period as an employee at will; and that after that probationary period, that person shall be entitled to hold office as a regular police officer during good behavior and efficient service." Jennings Code Section 29-7 (April 27, 2009).

Manuele failed to exhaust his administrative remedies in this contested case, I am without subject matter jurisdiction.  As a result, I will dismiss Counts III, IV, and V to the extent they are asserted against the Individual Defendants in their official capacity.  Because I am dismissing the official capacity claims asserted against the Individual Defendants, I will not reach the argument that the Individual Defendants are entitled to official immunity.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Stichnote, Campbell, Schmerber, Epps, Fountain-Henderson, Walsh, Orr and Sutphin's Partial Motion for Summary Judgment [#27] is **GRANTED**.  Counts III, IV, and V of Plaintiff's Second Amended Complaint are dismissed.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2011.

-10-